**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Amy TUCKER, Defendant–Appellant.**

**No. 03–4618.**

United States Court of Appeals, Fourth Circuit.

Argued: May 5, 2004.

Decided: July 14, 2004.

**ARGUED:** Leah Perry Macia, Bailey & Glasser, L.L.P., Charleston, West Virginia, for Appellant. Paula Suzanne Klotzbach, Assistant United States Attorney, Office of the United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Before WIDENER and GREGORY, Circuit Judges, and C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by published opinion. Senior Judge BEAM wrote the opinion, in which Judge WIDENER and Judge GREGORY joined.

## OPINION

BEAM, Senior Circuit Judge:

Amy Tucker appeals her jury conviction and sentence for knowingly conspiring to make a destructive device in violation of 18 U.S.C. § 371 and 26 U.S.C. § 5861(f). We affirm.

### I.

In 2001, Tucker's cousin was convicted of killing a pregnant woman with a pipe bomb. In July 2002, Tucker visited the cousin in jail. Following that visit, prison officials intercepted a letter from this rela-

tive addressed to Tucker. The communication contained a shopping list for buying bomb parts, ways to avoid detection in buying these supplies, and instructions to ensure the letter had not been tampered with by prison officials. The correspondence also stated that the list contained therein was just the initial list, and that another list would be forthcoming once all of the initial items were obtained. Tucker later learned that the letter had been intercepted by prison officials. Tucker admitted to authorities that she anticipated receiving the letter and that she and her cousin had discussed its contents in detail when she visited him in prison. Tucker explained that she planned to acquire all the parts contained in the letter to aid in her cousin's appeal.

At trial, an expert from the Explosive Technology Branch of the ATF testified that, in his opinion, collecting and assembling all the listed items would suffice to create a destructive device as defined in 26 U.S.C. § 5845(f). The expert admitted that the items on the list could not explode without adding a power source such as a battery. Since the items could otherwise be readily assembled into an explodable appliance, the expert opined that it qualified as an explosive device. The jury convicted Tucker, and she was sentenced to thirty months in prison. Tucker appeals the denial of her motion for acquittal, or, in the alternative, her motion for a new trial.

## II.

■ This Court reviews de novo a district court's decision to deny a motion for judgment of acquittal. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). The decision to grant or deny a motion for a new trial is within the broad discretion of the district court. *United States v. Perry*, 335 F.3d 316, 320 (4th

Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1408, 158 L.Ed.2d 91 (2004).

■ To prove a conspiracy under 18 U.S.C. § 371, the government must establish an agreement to commit an offense, willing participation by the defendant, and an overt act in furtherance of the conspiracy. *United States v. Edwards*, 188 F.3d 230, 234 (4th Cir.1999). Knowledge and participation in the conspiracy may be proven by circumstantial evidence. *United States v. Meredith*, 824 F.2d 1418, 1428 (4th Cir.1987).

■ Tucker admits that she agreed to purchase the explosive ingredients on the list. But she argues that, because purchasing the ingredients on the list would not subject her to criminal liability for possession of a destructive device under 26 U.S.C. § 5861(f), she cannot be charged with a conspiracy to make one.

■■ This argument confuses the offense of criminal conspiracy with the substantive goal of the conspiracy. To convict her of conspiracy to make a destructive device, the government was only required to prove, as earlier indicated, an agreement to violate the law, an overt act, and Tucker's willingness to participate in the conspiracy. *United States v. Fleschner*, 98 F.3d 155, 159–60 (4th Cir.1996). Proof of a conspiracy does not require proof that the object of the conspiracy was achieved or could have been achieved, only that the parties agreed to achieve it. *United States v. Molovinsky*, 688 F.2d 243, 247 (4th Cir.1982).

In this case, the government proved that Tucker visited her cousin in prison, that they discussed the assembly of a bomb, that her cousin would send her a list of component parts comprising the major elements of a pipe bomb, and that she agreed to purchase the contents of that list. There was also evidence from which the

jury could infer that her cousin intended to send her further instructions and another list with more parts in the future. The overt act occurred when her cousin mailed the first letter. This evidence, coupled with the government's expert testimony that collectively, the materials on the list would, when assembled, result in the forming of a destructive device, was sufficient to prove all the elements of the conspiracy.

*AFFIRMED*