**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6126**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GORMLEY,

Defendant - Appellant.

---

**No. 04-6127**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GORMLEY,

Defendant - Appellant.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-98-152)

---

Submitted: October 22, 2004      Decided: November 9, 2004

---

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Gormley, Appellant Pro Se.  Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated cases, James Gormley appeals the district court's order denying a motion for new trial filed pursuant to Fed. R. Crim. P. 33, and the court's denial of Gormley's subsequent motion to reconsider that order. "The decision to grant or deny a motion for new trial is within the broad discretion of the district court." United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). The district court should exercise that discretion to grant a new trial sparingly, and only when the weight of evidence is heavily against the verdict. United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003), cert. denied, 124 S. Ct. 1408 (2004). Gormley's motion was timely only as a motion for new trial based on newly discovered evidence. Fed. R. Crim. P. 33(b). The district court properly considered this Circuit's five-part test for assessment of such a motion, see United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000), to find that Gormley's allegations do not warrant a new trial. Therefore, we conclude that the district court did not abuse its discretion in denying Gormley's motion for new trial and his motion to reconsider that denial.

In his motion to reconsider, Gormley also requested a writ of mandamus against the Bureau of Prisons. We review a denial of mandamus for abuse of discretion. Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995). A plaintiff may be entitled to mandamus

relief "only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). As Gormley has not shown his clear entitlement to the specific relief requested, we hold that the district court did not abuse its discretion in denying the mandamus petition.

Thus, we affirm the decisions of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED