**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4948**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

SUZANNE L. MELINSKY,

                                    Defendant - Appellant.

**No. 05-5040**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

RAYMOND J. MELINSKY,

                                    Defendant - Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (CR-05-95)

Submitted:  October 23, 2006          Decided:  December 4, 2006

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————

Paul P. Vangellow, BABIRAK, VANGELLOW & CARR, PC, Falls Church, Virginia; Robert C. Whitestone, WHITESTONE, BRENT, YOUNG & MERRIL, Fairfax, Virginia, for Appellants.  Chuck Rosenberg, United States Attorney, Charles F. Connolly, Assistant United States Attorney, Caroline E. Laise, Special Assistant United States Attorney, Alexandria, Virginia; Mark C. Grundvig, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond J. and Suzanne L. Melinsky appeal their convictions for conspiracy in violation of 18 U.S.C. § 371 (2000); bank fraud in violation of 18 U.S.C. § 1344 (2000); and false statements in violation of 18 U.S.C. § 1014 (2000). We affirm.

The Melinskys first argue that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), because it failed to disclose that it lacked proof of Suzanne Melinsky's prior criminal conviction. We agree with the district court that the Melinskys' Brady claim lacks merit because the Government is not required to provide a defendant with information that the defendant has or with reasonable diligence could obtain himself. Stockton v. Murray, 41 F.3d 920, 927 (4th Cir. 1994). Additionally, the information was not exculpatory.

The Melinskys next argue the evidence was insufficient to support their convictions for counts One, Two, and Eight of the indictment, because they lacked the requisite mens rea for these offenses. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendants'

- 3 -

guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

With respect to Count One, to prove a conspiracy under 18 U.S.C. § 371, the government must establish an agreement to commit an offense, willing participation by the defendants, and an overt act in furtherance of the conspiracy. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). Knowledge and participation in the conspiracy may be proven by circumstantial evidence. Id., citing United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987). Count Two alleged bank fraud, for which the government must establish that the defendants knowingly executed a scheme to obtain the money, funds, or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations, or promises, and that they did so with the intent to defraud, and the financial institution was insured by the Federal Deposit Insurance Corporation. See United States v. Bales, 813 F.2d 1289, 1293 (4th Cir. 1987). Count Eight required the government to prove that the Melinskys knowingly made a false statement or willfully overvalued a property or security for the purpose of influencing in any way the action of the Small Business Administration or First Savings Bank of Virginia. We conclude the

evidence presented to the jury was sufficient to prove that the Melinskys possessed the mens rea alleged in the challenged counts of the indictment.

The Melinskys challenge the district court's denial of Raymond's request to provide the jury with a "puffing" instruction. This court reviews a district court's jury instructions for abuse of discretion. United States v. Bolden, 325 F.3d 471, 486 (4th Cir. 2003). Failure to give a requested instruction is not reversible error unless the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. See United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998).

Here, the district court provided the jury with an extensive instruction regarding the good faith of the Melinskys as a complete defense to the charge of bank fraud (Count Two of the indictment). We find the district court did not abuse its discretion in declining to give the proposed "puffing" instruction. See United States v. Thaw, 353 F.2d 581, 584-85 (4th Cir. 1965) (holding that when substance of requested puffing charge covered in instructions given, failure to give puffing instruction not error).

We therefore affirm the Melinskys' convictions. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED