**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4522**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIUS A. CRANDLE,

Defendant - Appellant.

**No. 07-4523**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VADRIEN TONISSA TYLER,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Jerome B. Friedman, District Judge. (4:06-cr-00137-JBF)

Submitted: March 31, 2008          Decided: April 22, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David M. Tichanski, Hampton, Virginia; Michael S. Nachmanoff, Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Norfolk, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Richard Cooke, Scott W. Putney, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Demetrius A. Crandle and Vadrien T. Tyler appeal their jury convictions for conspiracy to make false statements and obstruct an official proceeding, in violation of 18 U.S.C. § 371 (2000) (Count One); Crandle also appeals his convictions for possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000) (Count Three), and obstructing a federal grand jury, in violation of 18 U.S.C. § 1512(c)(2) (2000) (Count Four). Finding no error, we affirm.

Crandle and Tyler's first claim is that there was insufficient evidence to support their convictions. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence,

this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). This court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Under Count One, Crandle and Tyler were found guilty of conspiracy to corruptly influence grand jury proceedings. In order to prove that a defendant was involved in a conspiracy in violation of 18 U.S.C. § 371, the Government must prove there was an agreement between two or more people to commit a crime and an overt act in furtherance of the conspiracy. United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997). The evidence of a conspiratorial agreement does not need to be direct, but rather may be inferred from circumstantial evidence. Id. "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's 'relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" Burgos, 94 F.3d at 858 (quoting United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984)). Proof of a "tacit or mutual understanding" between the conspirators is

sufficient to uphold a conspiracy conviction.  Ellis, 121 F.3d at 922.

In this case, the object of the conspiracy was to corruptly obstruct, influence, or impede grand jury proceedings, in violation of 18 U.S.C. § 1512(c).  Therefore, to support a conviction for conspiracy to violate § 1512(c), the Government must prove the conspirators agreed to corruptly obstruct or impede an official proceeding and committed an overt act in furtherance of this agreement.  See United States v. Brooks, 111 F.3d 365, 372 (4th Cir. 1997) (analyzing analogous statutory language under 18 U.S.C. § 1503); see also United States v. Reich, 479 F.3d 179, 185 (2d Cir.) (defendant's conduct "must have the natural and probable effect of interfering with the due administration of justice"), cert. denied, 128 S. Ct. 115 (2007).

At trial, the Government produced a series of recordings of telephone conversations between Crandle and Terry Gray, as well as calls between Crandle and Tyler, that occurred while Crandle was incarcerated in the Newport News City Jail.  While Tyler and Crandle assert that these conversations do not provide clear evidence of a conspiracy to present false testimony before the grand jury, there was sufficient circumstantial evidence to support their convictions on this count.  The telephone conversations between Crandle and Gray indicate that they were both frustrated with Tyler's reticence to appear before the grand jury, as Crandle

-5-

demanded that Gray bring her to the jail so Crandle could convince her to testify. Crandle also rehearsed his account of the events on the night in question with Gray, as he claimed that all three of them were in the car at the same time that evening and that Crandle was not seated in the front passenger seat. Crandle also told Gray that any fingerprints that may be found on the firearm could be explained by the fact that he previously helped Tyler clear a jam in the chamber. This account is repeated by Tyler before the grand jury; however, Tyler's testimony not only conflicted with Gray's testimony at trial and before the grand jury, but also with Tyler's statement to the arresting officer that she mistakenly left the firearm in the car that morning and had not been in the vehicle that evening.

While there is little evidence regarding direct communications between Crandle and Tyler, there is sufficient circumstantial evidence that Crandle used Gray, as his contact and co-conspirator outside of the jail, to help convince Tyler to testify before the grand jury and lie about Crandle's possession of her firearm. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004) (citing United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987)) (knowledge and participation in a conspiracy may be proven by circumstantial evidence); Burgos, 94 F.3d at 858. Tyler's contradictory testimony before the grand jury, as well as her false remarks regarding her contact with Crandle and the status

of their relationship, provided further evidence that Tyler fabricated her testimony at Crandle's behest in order to avoid charges against him for possession of a firearm by a felon. See Collazo, 732 F.2d at 1205. While there are other reasonable interpretations of the telephone conversations and testimony in this case, it is left to the jury to decide which interpretation to credit. See Burgos, 94 F.3d at 862. Accordingly, viewing the evidence in the light most favorable to the Government, and taking all reasonable inferences therefrom, we conclude there was sufficient evidence to support Crandle and Tyler's convictions for conspiracy to make false statements and obstruct an official proceeding.

In addition to his conviction on the conspiracy count, Crandle was also convicted on a separate count for corruptly obstructing, influencing, or impeding the grand jury by attempting to influence Tyler's testimony, in violation of 18 U.S.C. § 1512(c)(2). To support a conviction under § 1512(c)(2), the Government must prove that Crandle had knowledge or notice of the grand jury proceedings and acted with intent to obstruct, influence, or impede the proceedings. See Brooks, 111 F.3d at 372.

Crandle contends that Tyler's testimony before the grand jury must "stand on its own," as there was no evidence of any discussion between Crandle and Tyler regarding her grand jury testimony. Crandle also notes that he did not appear before the

grand jury and that there was no evidence he provided false testimony. However, Crandle was not charged with perjury; rather, he was charged with obstructing a grand jury proceeding by attempting to influence Tyler's testimony. As discussed above, the recordings produced at trial indicated that Crandle contacted Gray in an effort to pressure Tyler to provide false testimony by claiming possession of the firearm. Furthermore, Tyler's contradictory and inconsistent testimony before the grand jury provided sufficient circumstantial evidence that she was influenced by Crandle and Gray to provide false statements on behalf of her husband. Finally, Gray's testimony, both at trial and before the grand jury, demonstrated Crandle was attempting to convince Gray and Tyler to lie to police and the grand jury to avoid prosecution on the firearm charge. Accordingly, we find there was sufficient evidence to support Crandle's conviction for corruptly obstructing or impeding an official proceeding.

As for Crandle's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the Government was required to demonstrate that Crandle: (1) was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) knowingly possessed, transported, or received the firearm; and (3) that the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce. See United States v. Langley, 62

-8-

F.3d 602, 606 (4th Cir. 1995) (en banc). At trial, Crandle stipulated that he had previously been convicted of a felony and that the firearm had traveled in interstate commerce. Accordingly, the only element before the jury was whether Crandle knowingly possessed the firearm. Possession of a firearm may be actual or constructive. See United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005). If the Government seeks to prove constructive possession under 18 U.S.C. § 922(g)(1), it must demonstrate that the defendant intentionally and voluntarily "exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." Id. at 435-36.

Crandle asserts the evidence regarding the firearm was "circumstantial and disputed," as the Government failed to present any evidence he knowingly and intentionally possessed the firearm. Crandle contends the firearm belonged to Tyler and that she dropped it as she left the car. There is no reliable evidence to support this assertion, however, as Tyler's testimony was contradictory, and the jury found it was not credible. See United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). The efforts by Crandle, Gray, and Tyler to present a false account of the events in question provide further credence to the Government's theory that Tyler gave the firearm to Crandle and subsequently lied about her possession of the gun in an attempt to mislead the grand jury. Therefore, viewing the evidence collectively and in the light most

favorable to the Government, we conclude there was sufficient circumstantial evidence to support Crandle's conviction for being a felon in possession of a firearm.

Crandle and Tyler's final claim is that the district court erred by providing the jury with supplemental instructions after deliberations had commenced. The necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the district court. United States v. Grossman, 400 F.3d 212, 219 n.2 (4th Cir. 2005). In evaluating the adequacy of supplemental jury instructions given in response to a question asked by the jury during deliberations, we must examine "whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." Taylor v. Virginia Union Univ., 193 F.3d 219, 240 (4th Cir. 1999) (quotation omitted); see also United States v. Martinez, 136 F.3d 972, 977 (4th Cir. 1998).

While Crandle and Tyler contend that the district court's use of a special verdict form invaded the province of the jury, this conclusory assertion fails to demonstrate how the district court abused its discretion in responding to the jury's inquiry. The special verdict form directly addressed the jury's difficulty in assessing the defendants' guilt as to Count One, as the form clearly delineated the two grounds for a finding of guilt on the

conspiracy charge and instructed the jury to indicate the basis for their determination. While the jury returned with a verdict shortly after being provided with the special verdict form, this does not conclusively demonstrate the form was prejudicial to the defendants. Rather, as the district court explained, the jurors' confusion appeared to be related to the dual nature of the charged conspiracy and their uncertainty as to how to complete the verdict form. Because the supplemental verdict form was reasonably responsive to the jury's inquiry, we find that the district court did not abuse its discretion.

Accordingly, we affirm Crandle and Tyler's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED