**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4415**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DAVID MBOM,

                    Defendant – Appellant.


—————————

**No. 09-4416**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROBERT TATAW,

                    Defendant – Appellant.


—————————

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.   Roger W. Titus, District Judge.
(8:08-cr-00069-RWT-1; 8:08-cr-00069-RWT-3)

—————————

Submitted:  December 28, 2010      Decided:  January 21, 2011

—————————

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

––––––––––––

Lindsay N. Warnes, LAW OFFICE OF LINDSAY N. WARNES, LLC, Rockville, Maryland; David W. Lease, SMITH, LEASE & GOLDSTEIN, LLC, Rockville, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a joint jury trial, David Mbom and Robert Tataw were convicted of conspiracy to commit bank larceny, in violation of 18 U.S.C. § 371 (2006), and bank larceny, in violation of 18 U.S.C. § 2113(b) (2006). They each received sentences of sixty-three months' imprisonment and were ordered to jointly and severally pay restitution of $435,902. In these consolidated appeals, Mbom and Tataw challenge the district court's denial of their respective motions for judgment of acquittal, and Mbom challenges the district court's denial of his motion to suppress. We affirm in both appeals.

Mbom challenges the search of his person following the stop of a vehicle in which he was a passenger. He argues that officers did not have probable cause or reasonable suspicion to initiate a traffic stop, and even if they did, they lacked probable cause to extend the investigatory scope of the stop. Accordingly, he contends that all the evidence seized from him should have been excluded from trial under the fruit of the poisonous tree doctrine. We disagree.

This court reviews factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). We construe the evidence in the light most favorable to the

3

Government, the party prevailing below.  United States v. Griffin, 589 F.3d 148, 150 (4th Cir. 2009).

Automobile stops constitute "seizures" within the meaning of the Fourth Amendment and are thus "subject to the constitutional imperative" that they be reasonable under the circumstances.  See Whren v. United States, 517 U.S. 806, 809-10 (1996).  Passengers of vehicles stopped by law enforcement are detained for the Fourth Amendment purposes, just as the drivers are.  Brendlin v. California, 551 U.S. 249, 257 (2007).

We have found that "[o]bserving a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop."  United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008).  The officer may "request a driver's license and vehicle registration, run a computer check, and issue a citation."  United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004).  A police officer may also request identification and run computer checks on passengers.  United States v. Soriano-Jarquin, 492 F.3d 495, 500 (4th Cir. 2007).

Here, officers clearly were justified in stopping the vehicle in question for speeding.  Once they discovered the outstanding warrant for Mbom, they were permitted to take him into custody and to conduct a search of his person pursuant to

4

that arrest.  See Arizona v. Gant, 129 S. Ct. 1710, 1716 (2009).  Accordingly, the district court properly denied Mbom's suppression motion.

Mbom and Tataw each argue that Government failed to present sufficient evidence to convict them of either bank larceny or conspiracy to commit bank larceny.  Having reviewed the record and applicable law, however, we find sufficient evidence to support the convictions.

This court reviews de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal.  United States v. Kingrea, 573 F.3d 186, 194 (4th Cir. 2009).  When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it."  United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and alterations omitted).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Kingrea, 573 F.3d at 194-95 (4th Cir. 2008)) (internal quotation marks omitted).

In reviewing for substantial evidence, this court considers both circumstantial and direct evidence and allows the Government "all reasonable inferences that could be drawn in its

favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We may not weigh the evidence or review the credibility of the witnesses. United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

In order to convict a defendant of conspiracy to commit bank larceny pursuant to 18 U.S.C. § 371, the Government must establish: first, an agreement between two or more people to commit the underlying crime; second, willing participation by the defendant; and third, an overt act in furtherance of the conspiracy. United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). An overt act by one conspirator fulfills the requirement as to all. United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005).

The Government asserts that sufficient evidence supports Mbom's and Tataw's convictions of bank larceny, pursuant to 18 U.S.C. § 2113(b), under either aider and abettor liability or the Pinkerton doctrine. See 18 U.S.C. § 2 (2006) (providing for aider and abettor liability; Pinkerton v. United States, 328 U.S. 640, 647 (1946). "Aiders and abettors are liable to the same extent as the principal." United States v. Akinkoye, 185 F.3d 192, 201 (4th Cir. 1999). A defendant is

6

guilty of aiding and abetting if he has "knowingly associated himself with and participated in the criminal venture." Kingrea, 573 F.3d at 197 (internal quotation marks omitted). "The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142-43 (4th Cir.), cert. denied, 131 S. C. 3245 (2010).

Mbom argues that the Government failed to produce sufficient evidence to conclude that he knew about the conspiracy and its objectives, and that he intended to participate in it.

The evidence linking Mbom with the conspiracy is more than sufficient to support the jury's finding that Mbom is guilty of conspiracy to commit bank larceny. Substantial, albeit circumstantial, evidence linked Mbom to the conspiracy. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (noting conspiracy may be proven "wholly by circumstantial evidence" and providing examples of such evidence). While Mbom offered innocent explanations for the evidence adduced by the Government, the evidence also supported the conclusion that Mbom was involved in a conspiracy to commit bank larceny. After weighing the credibility of the witnesses, the jury properly elected to accept the Government's version of

7

events.   Further, because the Government established that Mbom was guilty of conspiracy, conviction of bank larceny was supported by sufficient evidence under the Pinkerton doctrine. See Ashley, 606 F.3d at 142-43.

Tataw also argues that the Government failed to produce sufficient evidence to support his convictions for bank larceny and conspiracy to commit bank larceny.  Like Mbom, Tataw had an explanation as to the evidence against him.   However, weighing the credibility of the witnesses, the jury had sufficient evidence to find Tataw was guilty of conspiring to commit bank larceny.  In addition, Tataw's conviction for bank larceny is supported under the Pinkerton doctrine.

Based on the foregoing, we affirm Mbom and Tataw's convictions and sentences.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED