**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4537**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

CHARLOTTE ELIZABETH GARNES, a/k/a Charlotte Elizabeth Carter,

             Defendant – Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:12-cr-00249-FDW-DCK-1)

---

Submitted:  August 8, 2014        Decided:  October 20, 2014

---

Before KING, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Charlotte Elizabeth Garnes of conspiracy to commit health care fraud, obstruction of an official proceeding, and ten counts of making a false statement relating to a health care benefit program. In this appeal, she raises three claims challenging her conviction and sentence. We affirm.

I.

Garnes first claims that the district court abused its discretion by permitting the government to cross-examine her regarding an extramarital affair with her former boss. "We review evidentiary rulings for abuse of discretion." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

We conclude that the district court acted within its discretion in allowing the government's questions. During cross-examination, the government sought to show that Garnes had been fired from her previous employment for failure to maintain proper records. Garnes responded to this line of questioning by stating that she was dismissed because she reported the "owner's wife or owner's girlfriend" for fraudulently billing using Garnes's Medicaid number (J.A. 861). Seeking to impeach this alternative explanation, the government then questioned Garnes about her extramarital affair with the owner, and Garnes's counsel objected on the basis of Federal Rule of Evidence

2

404(b). The district court correctly overruled the objection because Rule 404(b) does not control evidence offered for impeachment on cross-examination.[1] See also United States v. Smith, 451 F.3d 209, 223 (4th Cir. 2006) ("[T]he rules of evidence permit cross-examination of a witness about specific instances of misconduct if probative of truthfulness [and] the trial court has wide discretion to decide whether (and to what extent) such questioning is proper and relevant.").[2]

---

[1] The 1972 Advisory Committee Notes to Rule 404(b) state that the Rule does not require a court to exclude evidence that is offered for a purpose other than to suggest that the defendant acted in conformity with a character trait on a particular occasion; such evidence "does not fall within [the Rule's] prohibition." In this case, the evidence in question was offered not to show propensity but as probative of Garnes's character for truthfulness, which Federal Rule of Evidence 608(b) explicitly allows on cross-examination.

[2] Recognizing that Rule 404(b) was "perhaps not the most appropriate reference" for her objection during trial, Garnes also argues, for the first time on appeal, that the questioning should have been excluded under Federal Rule of Evidence 403 (Appellant's Br. at 9). Because Garnes did not raise this argument at trial, we review the district court's ruling for plain error with respect to Rule 403. United States v. Pratt, 239 F.3d 640, 644 (4th Cir. 2001).

Rule 403 allows a court to exclude relevant evidence if the danger of unfair prejudice it presents substantially outweighs its probative value. As discussed above, the government's questions regarding Garnes's extramarital affair were probative of the veracity of her testimony regarding her dismissal from her previous job. We cannot say that the district court's judgment that these questions were not substantially more prejudicial than probative rises to the level of plain error.

Garnes next claims that the district court erred by denying her motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Specifically, she contends that the evidence the government presented was insufficient to establish that her convictions for conspiracy to commit health care fraud and making false statements relating to a health care benefit program were "knowing and willful."[3]

We review challenges to the sufficiency of the evidence de novo, United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), and we "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government," to support it, Burks v. United States, 437 U.S. 1, 17 (1978). "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Bonner, 648 F.3d 209, 213 (4th Cir. 2011).

A.

To convict Garnes of conspiracy to commit health care fraud, the government was required to show that Garnes had

---

[3] Garnes also challenges the sufficiency of the evidence supporting her conviction for obstruction of an official proceeding, arguing that the evidence adduced at trial "lack[ed] the requisite legal standard" (Appellant's Br. at 16). We have reviewed the record and find this contention to be without merit.

"knowingly and willfully executed" a fraudulent health care scheme. United States v. Louthian, 756 F.3d 295, 303 (4th Cir. 2014). This Court has long recognized that the jury may infer knowledge and intent from circumstantial evidence in conspiracy cases. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). The jury may also rely on a theory of willful blindness to establish intent "when ... the evidence supports an inference of deliberate ignorance." United States v. Zayyad, 741 F.3d 452, 463 (4th Cir. 2014) (citations omitted).

Evidence at trial established that Garnes and two unlicensed counselors, Teresa Marible and Sylvia Jackson, knowingly and willfully entered into an agreement to defraud the North Carolina Medicaid agency. The government presented evidence that Garnes submitted numerous reimbursement claims in which she falsely represented that she personally had provided services; that 90% of Garnes's Medicaid reimbursements from 2009 to 2011 were for services provided by Marible and Jackson; and that many of these claims were facially invalid.[4] This evidence is sufficient to establish that Garnes had knowingly and willingly agreed to participate in a fraudulent healthcare scheme with Marible and Jackson. Accordingly, we affirm the

---

[4] For example, claimed therapy sessions exceeded 24 hours in a day on at least 43 occasions.

district court's denial of Garnes's motion for acquittal on the conspiracy count.

To convict Garnes of making a false statement relating to a health care benefit program, the government was required to show that Garnes "knowingly and willfully made materially false or fraudulent statements in connection with the delivery of or payment for health care benefits, items, or services." United States v. McLean, 715 F.3d 129, 140 (4th Cir. 2013). "The specific intent to defraud may be inferred from the totality of the circumstances, and need not be proven by direct evidence." Id. Garnes asserts that, with respect to each count, the evidence establishes only that her statements were "careless and negligent," rather than knowing and willful.

Having reviewed the record under the appropriate standard, we conclude that the government presented sufficient evidence from which a jury could find that each false statement with which Garnes was charged was made knowingly and willfully. Specifically, on each of the ten counts, the government presented evidence of at least one of the following: Garnes submitted claims for services rendered in North Carolina when she was in fact in a different state or country on the service date; Garnes's patient progress notes are inapplicable to the patients to whom the claimed services were provided; the patient

6

notes are inconsistent with the duration of the claimed services; or the claimed services were provided to patients who testified that they never received services from Garnes. Any one of these pieces of evidence is sufficient to establish that Garnes knowingly and willingly made false statements relating to a health care benefit program. Accordingly, we affirm the district court's denial of Garnes's motion for acquittal on the false statement counts.

### III.

Finally, Garnes argues that in calculating her sentencing guidelines range, the district court improperly held her responsible for losses caused by her co-defendant, Oriaku Hampton-Sowell. This argument fails because the district court was entitled to include the amount of losses caused by her co-conspirators in calculating the range. The guidelines define a defendant's relevant conduct to include "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. §1B1.3(a)(1)(B). The evidence adduced at trial was sufficient to support the conclusion that Garnes and Hampton-Sowell were jointly engaged in criminal activity, and that Hampton-Sowell's fraudulent billings were reasonably foreseeable to Garnes. Therefore, the

7

district court did not err in calculating Garnes's guidelines range.[5]

IV.

Based on the foregoing, Garnes's convictions and sentence are hereby

AFFIRMED.

---

[5] Garnes also contends that the district court erred in ordering her to pay restitution for Hampton-Sowell's fraudulent charges. Under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, "each member of a conspiracy that in turn causes property loss to a victim is responsible for the loss caused by the offense, not merely for the losses caused by a particular conspirator's overt acts." United States v. Seignious, 757 F.3d 155, 161 (4th Cir. 2014) (citations omitted). Accordingly, because Garnes was convicted of conspiracy to commit healthcare fraud with Hampton-Sowell, Garnes's restitution argument fails.