UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4824

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRANDON JAMAR SAMUELS,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:14-cr-00606-JMC-3)

Submitted:  June 2, 2017                                    Decided:  August 9, 2017

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Diaz and Judge Harris joined.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Defendant-Appellant Brandon Samuels appeals his conspiracy conviction under 18 U.S.C. § 371 and the amount of the district court's restitution order. For the reasons that follow, we affirm.

I.

A.

In January 2012, the Internal Revenue Service ("IRS") identified several potentially fraudulent individual income tax returns prepared by Daitech Tax Services, LLC ("Daitech"), a tax-preparation company located in Columbia, South Carolina. In March 2012, IRS Special Agent Shan-Tika Watkins arrived at Daitech, posing undercover as a potential customer. Daitech employees assisted and encouraged Special Agent Watkins to claim false deductions. Based on this undercover operation, the IRS served a search warrant on Daitech and uncovered a pattern of filing fraudulent tax returns on behalf of its customers. During their review, investigators examined and sorted tax returns by preparer name and determined that Daitech owner Eric Pinckney, Daitech office manager Lemuel Brown, and Defendant, a part-time tax preparer for the company, filed the most returns during their time at Daitech.

B.

A grand jury indicted Defendant on July 22, 2015, along with co-defendants Pinckney and Brown, on one count of criminal conspiracy to file fraudulent income tax

2

returns in violation of 18 U.S.C. § 371. During the two-day trial, multiple witnesses testified about Daitech's practice of filing false tax returns. For example, Pinckney admitted that he personally, along with Defendant and other Daitech employees, filed false returns in an effort to get his clients more money. He explained that Daitech could create false returns in a variety of ways, depending on the client's situation. One of the ways Daitech employees falsified tax returns was creating fraudulent business expenses for clients. Pinckney testified, for instance, that Daitech employees, including Defendant, would claim a client's entire cellular telephone bill as a business expense even when that would be improper. Pinckney also testified to (1) claiming vehicle mileage, meals, and entertainment as expenses for a business that had no sales and (2) using a per diem expense calculation that Pinckney made up. He said that Daitech was "known for" being a place where clients could go without having a lot of income, J.A. 313, and "yet receive a decent refund," J.A. 314.

Several witnesses testified about Defendant's actions at Daitech, where he worked from 2007 through 2011. Lutrica Singletary, a former Daitech customer, testified that she requested Defendant prepare her tax return in 2009, and that Defendant claimed food, entertainment, and utilities expenses for a childcare business even though he was aware she did not own or operate a childcare business. Frank Hyland, another former Daitech customer, testified that Defendant knowingly created fraudulent mileage, costs of goods sold, advertising, and utilities expenses on Hyland's returns for a non-existent personal training business.

3

The jury found Defendant guilty of conspiracy on March 2, 2016. The district court sentenced Defendant on December 5, 2016 to five years of probation and ordered Defendant to pay to the IRS restitution of $18,070.43 out of the $152,859.43 total loss attributed to the conspiracy. Defendant appealed both the conviction and the restitution amount.

## II.

Defendant seeks reversal of the denial of his motion for a judgment of acquittal, claiming insufficiency of the evidence. This court reviews a denial of a motion for judgment of acquittal de novo. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). When reviewing for sufficiency of the evidence, we will not overturn a verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This court must "allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

Defendant also argues that his restitution should be reduced to only the amount attributable to false returns for Daitech customers who specifically identified him as their tax preparer. We review a restitution order for abuse of discretion. *United States v. Leftwich*, 628 F.3d 665, 667 (4th Cir. 2010). We address each of Defendant's contentions in turn.

4

A.

Although several Daitech customers testified that Defendant created false tax returns for them, Defendant claims that there was not sufficient evidence to establish his agreement with Pinckney or Brown to engage in a conspiracy to file fraudulent returns. To obtain a conspiracy conviction under 18 U.S.C. § 371, the government must prove: "an agreement to commit an offense, willing participation by the defendant, and an overt act in furtherance of the conspiracy." *United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004). "[A] common purpose and plan may be inferred from all the circumstances." *United States v. Barnes*, 747 F.2d 246, 249 (4th Cir. 1984). The government may prove knowledge and participation in the conspiracy by circumstantial evidence. *Tucker*, 376 F.3d at 238.

Pinckney's testimony, along with other witness testimony describing Defendant's preparation of false tax returns, was sufficient for the jury to infer that Defendant agreed to file fraudulent tax returns and willingly participated in the conspiracy. Pinckney testified that it was not necessary for him to "specifically seek [employees] out and tell them that that's what they were supposed to be doing" because Daitech was "known for" such practices. J.A. 313. He also testified that Defendant filed false returns using the same fraudulent practices that Pinckney used. In fact, Pinckney testified that employees at Daitech, including Defendant, "could manipulate the numbers and see how it changed the refund." J.A. 314. Daitech customers confirmed that Defendant engaged in this same kind of fraud, which supports the inference that Defendant agreed to participate in the conspiracy to falsify tax returns. Singletary described how Defendant created a

5

fraudulent childcare business operating out of her apartment and expenses including food, entertainment, and utilities on her 2009 tax return. Hyland testified that although Defendant knew Hyland did not own a personal training business, Defendant recommended that he create one on his 2009 and 2010 tax returns to get more money back. Hyland further testified that Defendant claimed costs for advertising as well as mileage from his regular job as expenses for his non-existent personal training business. Based on this testimony, the jury had sufficient evidence to conclude that Defendant conspired to file fraudulent tax returns.

B.

We next consider whether the district court abused its discretion in the amount of restitution it ordered Defendant to pay to the IRS. In conspiracy prosecutions, district courts may propose "broader restitution orders encompassing losses that result from a criminal scheme or conspiracy, regardless of whether the defendant is convicted of each criminal act within that scheme." *United States v. Ocasio*, 750 F.3d 399, 412 (4th Cir. 2014) (quoting *United States v. Henoud*, 81 F.3d 484, 488 (4th Cir. 1996)). A restitution award is appropriate if the act in question that harms the victim is "either conduct underlying an element of the offense of the conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996).

6

The Mandatory Victims Restitution Act ("MVRA") requires full payment of restitution for offenses against property including any offense committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). In accordance with 18 U.S.C. § 3664(h), "the court may make each defendant liable for payment of the full amount of restitution." This court has held that the district court can exercise its discretion to mitigate the restitution in two ways. "It may relax the 'manner' of payment based on the defendant's financial resources, and it may apportion the payment among defendants if more than one defendant has contributed to the loss." *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003). The district court here apportioned the payment among Defendant and the other co-conspirators, requiring Defendant to pay the restitution for amounts attributable to his Preparer Tax Identification Number ("PTIN").

Defendant argues that the restitution he owes the IRS should be limited to the amount arising from the fraudulent tax returns filed for those customers who could specifically identify him as their tax preparer. However, because the preparation of all of the fraudulent returns by Daitech were made in furtherance of the conspiracy and were reasonably foreseeable, Defendant could have been accountable for the entirety of the loss accrued under the conspiracy. *See* 18 U.S.C. § 3664(h). Defendant's restitution, which the district court recognized could be much higher, included only tax returns with Defendant's name and PTIN and did not include those filed after Defendant's departure from Daitech. The district court also credited Defendant for the $6,027 made in repayments by Daitech customers to the Treasury. The district court did not abuse its

7

discretion in holding Defendant responsible for those returns filed using his name and PTIN even absent testimony specifically identifying Defendant as the preparer.

## III.

The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*