**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4392**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN MAURICE PEMBERTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, Chief District Judge.  (5:14-cr-00058-MFU-3)

Submitted:  February 21, 2018                                    Decided:  March 1, 2018

Before GREGORY, Chief Judge, and WILKINSON and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Rick A. Mountcastle, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Mark Zhuang, Third Year Law Intern, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Steven Maurice Pemberton appeals the district court's denial of his Fed. R. Crim. P. 29 motion after a jury convicted him of one count of conspiracy to commit credit card fraud in violation of 18 U.S.C. § 371 (2012) and one count of credit card fraud in violation of 18 U.S.C. §§ 1029(a)(5), (c)(1)(A)(ii) & 2 (2012). Pemberton does not contest that he was paid to pick up orders at home improvement stores that were made with stolen credit card numbers, and to deliver the merchandise to buyers who paid in cash. He argues, however, that the Government did not prove beyond a reasonable doubt that he knew that the orders were fraudulent or that he acted with intent to defraud, and thus the evidence was insufficient to convict him of either conspiracy or the substantive fraud offense. We have carefully reviewed the record, and conclude that the evidence at trial was sufficient to sustain the jury's verdict. We therefore affirm.

We review a district court's denial of a Rule 29 motion de novo. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if it is supported by substantial evidence, viewed in the light most favorable to the government. Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (citation and internal quotation marks omitted).

"To prove a § 371 conspiracy, the government must show an agreement to commit an offense, willing participation by the defendant, and an overt act in furtherance of the conspiracy." *United States v. McNeal*, 818 F.3d 141, 149 (4th Cir.), *cert. denied*, 137 S.

2

Ct. 164 (2016) (internal quotation marks omitted). "Knowledge and participation in [a] conspiracy may be proven by circumstantial evidence." *United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004). "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy." *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (alterations in original).

To obtain a conviction for credit card fraud under 18 U.S.C. § 1029(a)(5), the Government must prove that the defendant "knowingly and with intent to defraud effect[ed] transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000," or aided and abetted these acts. § 1029(a)(5); *see* § 1029(e)(1) ("[T]he term 'access device' means any card . . . that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value.").

Pemberton contends that the Government's evidence shows only "suspicion and association," not that he willingly joined the conspiracy and acted with intent to defraud. However, considering the evidence as a whole in the light most favorable to the Government, we conclude that a reasonable jury could find beyond a reasonable doubt that Pemberton knew of and willingly participated in the conspiracy and committed the substantive offense of credit card fraud. The district court found that the testimony of the leader of the conspiracy alone might be sufficient to sustain the verdict, and that

3

testimony was bolstered by circumstantial evidence, including Pemberton's suspicious behavior, recorded phone calls between Pemberton and the coconspirator, the amount of the payments Pemberton received and the fact that all of the payments were in cash, and Pemberton's handling of order forms that evinced the fraudulent nature of the transactions. Because the jury's verdict is supported by substantial evidence, that verdict must be sustained.

We therefore affirm Pemberton's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*